UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| THEODORE CANNON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | Nos. 4:06-cv-36 / 4:03-cr-44 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM**

Federal prisoner Theodore Cannon ("Cannon") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. Cannon contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Additionally, Cannon contends the Court violated his Sixth Amendment right to be free from double jeopardy.

After reviewing the record, the Court concludes that Cannon's § 2255 motion will be **DENIED**. The record conclusively shows that Cannon is not entitled to any relief under 28 U.S.C. § 2255. Thus, there is no need for an evidentiary hearing.

**I.      Standard of Review**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255 based on an alleged constitutional error, Cannon bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736

1

(6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief under § 2255, Cannon is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Griffin*, 330 F.3d at 736; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

**II.     Procedural History**

On December 9, 2003, a federal grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, returned an eleven-count indictment against Cannon and co-defendant Brian Keith Floyd ("Floyd") charging them with various drug offenses. Cannon was charged in five of the counts. Count One charged Cannon with conspiring to distribute fifty grams or more of methamphetamine with Floyd, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Count Three of the indictment charged Cannon with possessing methamphetamine on March 13, 2003, in violation of 21 U.S.C. § 844. Count Four charged Cannon with attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Count Five charged Cannon with possessing equipment and chemicals for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 843(a)(6). Count Six charged Cannon with using his residence to manufacture methamphetamine on July 16, 2003, in violation of 21 U.S.C. § 856(a)(2). Co-defendant Floyd, without the benefit of a plea agreement, and Cannon, with the benefit of a plea agreement, pleaded guilty to Count One of the indictment.

Cannon was originally sentenced by this Court to a term of 262 months imprisonment to be followed by eight years of supervised release. Cannon filed a direct appeal. On March 18, 2005, an Order of the United States Court of Appeals for the Sixth Circuit vacated Cannon's sentence

pursuant to a joint motion to remand, and his case was remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The Court sentenced Cannon to 238 months imprisonment and the judgment remained the same in all other respects. Cannon timely filed his motion under 28 U.S.C. § 2255 on July 13, 2006.

**III.    Facts**

The facts supporting Cannon's plea of guilty from his plea agreement are as follows:

On March 13, 2003, defendant Teddy Cannon had outstanding warrants for his arrest. Officers went to his sister's house in Grundy County, Tennessee, to arrest him and he bolted out the door. He had approximately one gram of methamphetamine on his person.

On July 16, 2003, ABC Agent Josh Melton and others went to defendant's house (again in Grundy County) with arrest warrants for the defendant. Officers enter [sic] the residence to serve the warrant. Sheriff Robert Meeks saw in plain view meth lab items, including glassware, fans, aluminum foil, red phosphorous (35.9 g's), and other items. The red phosphorous tested positive for the presence of methamphetamine. There were also 300 "pseudo 60" pills. After arrest Defendant gave a *Mirandized* statement to Melton and Sheriff Meeks. Defendant stated that he had been cooking meth with another individual and that he had made @ 60 grams of meth during that time.

As part of the plea agreement the parties agree that the defendant conspired with others, including named co-defendant Brian Floyd, to manufacture methamphetamine. If this case had gone to trial the United States would have called witnesses who would have testified that they had manufactured methamphetamine with the defendant and that the amount of meth manufactured by the defendant would have exceeded fifty grams.

(Crim. Court File No. 22, Sealed Plea Agreement pp. 5-6)

**IV.    Analysis**

First, Cannon contends in the § 2255 motion that he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution because counsel failed to fully explain the implication of the § 851 notice filed by the government.

3

Second, although difficult to decipher, the Court presumes Cannon claims that the use of his his prior state convictions to establish his career criminal status and enhance his federal sentence violated the Double Jeopardy Clause since he previously pled guilty to the state charges and fulfilled his obligation of serving those sentences.

### A. Ineffective Assistance of Counsel

Cannon claims that he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. The government filed a § 851 notice of intent notifying Cannon of their intention to enhance his federal sentence with his prior state criminal attempt to manufacture methamphetamine conviction. Cannon claims his attorney failed to fully explain the implications of the § 851 notice of intent, thus providing ineffective assistance of counsel.

*1. Applicable Law*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Additionally, conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 689-90. A defendant's challenge to such decisions must overcome

4

a presumption that the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel,
even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

As an initial matter, the Court observes that Reed has failed to meet the prejudice prong because, not only has he failed to provide any factual support for this claim—he does not provide any details of the conversation he and counsel had regarding the § 851 notice—he has failed to allege, much less demonstrate, a reasonable probability that he would have gone to trial but for counsel's alleged errors. Indeed, the only relief Cannon requests is that the Court re-sentence him. Thus, Cannon has failed to demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance. Furthermore, as explained below, Cannon has failed to demonstrate counsel

5

was ineffective.

*2. Discussion*

Cannon claims counsel failed to fully explain the implications of the § 851 notice of intent to use prior convictions to enhance punishment. Initially, as previously noted, the Court observes that Cannon does not provide any factual support for this claim. For example, Cannon does not provide any details of the conversation he and counsel had regarding the § 851 notice. Thus, he has not provided any evidence demonstrating counsel failed to fully explain the implications of the § 851 notice.

Cannon and his co-defendant were named in a eleven-count indictment. Count One charged the defendants with conspiring, between November 2002 and November 2003, to unlawfully manufacture fifty grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) and 841(b)(1)(B). On February 2, 2004, the government filed an Notice of Intent to Use Prior Convictions to Enhance Punishment, in accordance with 21 U.S.C. § 851, placing Cannon on notice that the government sought enhanced penalties on the charged offense under 21 U.S.C. § 841(b)(1)(A), on the basis of Cannon's 2000 conviction for a prior felony involving controlled substances. In that notice, the government listed the prior felony as a May 10, 2000 conviction for criminal attempt to manufacture methamphetamine, imposed by a Grundy County court.

On February 2, 2004, Cannon and his counsel appeared before this Court. Cannon, pursuant to a plea agreement, entered a plea of guilty to Count One of the indictment. During this re-arraignment hearing, Cannon was advised of the penalties of the offense to which he pleaded based

6

on the enhanced level associated with a finding of a prior offense involving a controlled substance under 21 U.S.C. § 841(b)(1)(A). Specifically, Cannon was advised that, based on the notice given under 21 U.S.C. § 851, he was facing a mandatory minimum sentence of 10 years imprisonment and a maximum of life (Crim. Court File No. 38, pp. 13-14).

In addition, prior to Cannon's resentencing, counsel filed a sentencing memorandum, discussing the § 851 notice and its implications. During his resentencing hearing the Court specifically reminded Cannon that there was an § 851 notice which the Court had originally explained to him during his prior proceedings. Nevertheless, the Court proceeded to inform Cannon that "this notice sets forth a conviction, attempt to manufacture methamphetamine in Paragraph 40 of your presentence report. And it says, and I have to tell you that that sentence does, that that conviction, of course, not only figures into your career offender guidelines here, but, also, means that there is a mandatory-minimum here of 10 years." (Crim. Court File No. 54, Resentencing Transcript, p. 12). The Court inquired as to whether he contested the conviction and counsel notified the Court that Cannon was not contesting the conviction.

Cannon claims counsel failed to invoke his right to stop the proceedings so that he and counsel could presumably review the § 851 notice. This argument is meritless. First, Cannon does not explain how stopping the hearing so he could review the § 851 notice would have changed the outcome of the proceedings. Second, he had notice at the rearraignment and it was discussed at both of his sentencing proceedings (Crim. Court File No. 38 & 39). Third, the title of the document and the document itself are clearly self-explanatory. Moreover, after the Assistant United States Attorney stated that "Mr. Cannon has a prior felony drug conviction for which notice has been given under 21 U.S.C. Section 851, [thus, he faces] a mandatory-minimum sentence of imprisonment of

7

at least 10 years up to life" during his rearraignment hearing, Cannon acknowledged, knowing the punishment he faced, he still wished to plead guilty (Rearraignment Transcript, at 12-13). Thus, even if counsel did fail to explain the consequences of the § 851 notice, Cannon was fully informed of its consequences during his rearraignment hearing. In addition, Cannon had the opportunity during his rearraignment and both his sentencing hearings to notify the Court of any issue he had with the § 851 notice but failed to do so.

In the instant case, Cannon was aware of both the nature of the charges and the direct consequences of the plea. The government notified Cannon and the Court of the existence of the 2000 state-court controlled substance offense which it maintained warranted a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). During his re-arraignment proceedings, Cannon was specifically notified that his penalty was different from his co-defendants because the government was requesting that he be sentenced in accordance with the enhanced provisions of 21 U.S.C. § 841(b)(1)(A), which provided for a term of imprisonment of 10 years to life. In addition, Cannon's plea agreement specifies that the penalties for the crime to which he pleaded guilty are "a mandatory minimum sentence of imprisonment of at least 10 years up to life." The plea agreement explains these are the penalties "because the defendant has a prior felony drug distribution conviction[.]"

Moreover, the transcript of the sentencing proceedings reflects counsel informed the Court Cannon acknowledged the prior conviction was a valid conviction and that he did not wish to contest the validity of that conviction (Crim. Court File No. 39, Sentencing Transcript, at 5; Crim. Court File No. 54, p. 12). In sum, Cannon was fully informed as to the nature of his prior offense, was on notice the government claimed the offense was a proper basis for enhancement, and was well aware

8

that his sentence would be enhanced based on the prior conviction. Thus, the record contradicts Cannon factually unsupported claim that counsel failed to fully explain the implications of the § 851 notice. Moreover, Cannon does not identify the implications of which he claims he was unaware.

Cannon has failed to demonstrate counsel's performance was deficient. However, for the sake of discussion, assuming counsel's conduct was deficient, Cannon has failed to allege or demonstrate that counsel's purported failure to fully explain the implications of § 851 notice prejudiced him. Although counsel's failure to fully explain the implication of the § 851 notice could have contributed to the fairness of the proceedings, under *Strickland* Cannon must prove more. To win relief in this post-conviction proceeding, Cannon's counsel not only must have been ineffective, Cannon must have suffered prejudice to the level required by *Strickland*. Cannon has not demonstrated counsel's alleged failure resulted in either an uninformed or a coerced plea. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the direct consequences of his guilty plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Generally, a defendant is aware of the direct consequences of his plea if he is aware of the maximum and minimum that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

Cannon was notified of his maximum and minimum sentence during his rearraignment proceeding. Cannon does not specifically explain what he did not understand about the § 851 enhancement nor does he set forth, in his motion, how counsel's failure to explain the full implications of the § 851 notice caused him prejudice. Cannon does not deny the conviction or demonstrate that it does not qualify for the § 851 enhancement. In addition, he does not claim that he would have proceeded to trial if counsel had explained the full implications of the § 851 notice. Therefore, Cannon has not shown a reasonable probability that but for counsel's alleged failure to

9

fully explain the implications of the § 851 enhancement, the results of the proceeding would have been different, *i.e.* that he would not have agreed to plead guilty. Accordingly, since Cannon cannot identify any specific implication of which he was not notified and any resulting prejudice, his claim that counsel was ineffective for failing to fully explain the implication of the § 851 notice will be **DENIED**.

        **B.**    **Court's Denial of a Fair Hearing**

Cannon's second claim is basically indecipherable. The Court construes Cannon's allegation as a claim that the use of his state convictions to enhance his federal sentence violated the Double Jeopardy Clause (Court File No. 1, attachment p. 2). Cannon also claims the Court denied him a fair and impartial trial by discussing and citing a non-related case when sentencing him. This claim is without merit and warrants no discussion because it is proper for Courts to rely upon case-law and statutes when making decisions.

Turning to Cannon's double jeopardy claim, Cannon's state convictions for Felony Evading Arrest and Attempt to Manufacture Methamphetamine were the predicate offenses used for application of the Career Offender provision. The government's notice filed pursuant to § 851 advised Cannon of its intent to seek an enhanced punishment based upon his prior state felony drug conviction for attempt to manufacture methamphetamine. Cannon argues the use of the prior state convictions to enhance his federal sentence violates the Double Jeopardy Clause. Cannon is incorrect.

There was no double jeopardy violation because the use of prior state convictions to enhance a defendant's sentence does not violate the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment states "no person . . . shall . . . be subject to the same offense to be twice

10

put in jeopardy of life or limb." U.S. const. amend. V. This clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998). It is well established that reliance upon prior criminal activity to enhance a defendant's sentence does not function to punish the prior criminal conduct, therefore, such reliance on prior criminal activity in sentencing does not give rise to a double jeopardy claim. *See Witte v. United States*, 515 U.S. 389, 400-03 (1995) (noting that the criminal history provisions of the sentencing guidelines "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity."); *Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.").

An enhanced sentence imposed on a persistent offender thus "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes" but as "a stiffened penalty for the latest crime." *Monge v. California*, 524 U.S. at 727-28. The enhancement increases the sentence for the current offense, not the sentence for the prior offense. "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction." *Nichols v. United States*, 511 U.S. 738, 747 (1994).

Consequently, the use of Cannon's prior convictions does not punish him twice for the same offense. Thus, Cannon was not twice placed in jeopardy or additionally penalized for the prior

offenses by the use of the prior state convictions to enhance punishment for the instant drug conviction. The statute and guidelines simply increase the sentencing range for his current conviction based on his distinct, prior offenses; and this penalty enhancement presents no double jeopardy issue. Accordingly, the use of Cannon's state convictions to enhance his federal sentence did not violate the Double Jeopardy Clause.

## V. CONCLUSION

Cannon has failed to establish a plausible claim that would warrant an evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir. 1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). Cannon's claims are meritless. Accordingly, Cannon's claims do not entitled him to § 2255 relief and his § 2255 motion will be **DENIED** (Court File No.1).

A separate order will enter.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE